## 45486. JONES v. THE STATE.
### (368 SE2d 313)

HUNT, Justice.

Eric Vincent Jones was found guilty of the felony murder of Tommy Robertson and the aggravated assault of Virgil Bowman in DeKalb County. He was sentenced to life imprisonment for murder and ten years to be served consecutively for aggravated assault.[1] He appeals.

The victims, Robertson and Bowman, were standing in Robertson's front yard when Dennis drove up and told Robertson to tell his children not to throw bricks at Dennis' automobile. Robertson and Dennis argued about whether or not Robertson's children had thrown bricks, and Bowman demanded that Dennis leave. Dennis threatened to shoot Bowman, but drove away. He returned with Crowder and the defendant, who was armed with a handgun. On their way to Robertson's, the defendant commented that he was going to shoot someone. When the defendant, Dennis and Crowder arrived at Robertson's, the defendant fired his gun at Robertson and Bowman. Robertson died of a wound to his abdomen and Bowman received a leg wound. The victims were unarmed and had not threatened the defendant or his companions. The police arrested Dennis and subsequently arrested the defendant. After he was advised of his *Miranda* rights, the defendant gave a statement in which he admitted that he had been armed and had stated he would shoot someone, and stated that he had shot at the victims in order to scare them and make them run, and might have hit one of them.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred by failing to grant a mistrial or properly instruct the jury after the prosecutor in closing argument stated that the defendant's life was not in jeopardy, only his immediate future. Although we disapprove of the prosecutor's comment, it did not violate OCGA § 17-8-76 because it did not specifically refer to pardon, parole, or other clemency. *Romine v. State*, 256 Ga. 521, 532-33 (10) (350 SE2d 446) (1986). Under the circumstances, the trial court's curative instructions were sufficient. Fur-

---

[1] Tommy Robertson was shot and killed and Virgil Bowman was shot on June 16, 1987. The defendant was indicted in the July 1987 term of the DeKalb County Grand Jury and convicted, following a jury trial, on September 24, 1987. His motion for new trial was filed on October 20, 1987, an amendment to that motion was filed on November 23, 1987, and the motion was denied on November 24, 1987. The appeal was docketed here on February 18, 1988 and submitted for decision on April 1, 1988.

ther, the trial court did not abuse its discretion by denying the motion for new trial, which was not made until the day following closing arguments. Id.

3. The defendant contends the trial court erred by submitting the case to the jury after granting a severance to the defendant's co-defendant, Dennis, when the defendant had rested his case. The defendant argues that the trial court's severance of his co-defendant's case severely prejudiced his trial. The defendant made no objection to the severance at trial, and consequently has waived any right to make any objection on appeal. *McGhee v. State*, 253 Ga. 278, 279 (1) (319 SE2d 836) (1984). Further, the defendant made no showing of prejudice. We find no merit to this enumeration.

4. We find no abuse of discretion by the trial court in complying with the jury's request that they rehear the testimony of a state's witness, *Byrd v. State*, 237 Ga. 781, 782 (1) (229 SE2d 631) (1976), nor any error regarding the trial court's instructions about that evidence.

5. The defendant contends the trial court's charge on intent was unconstitutionally burden-shifting. The defendant neither objected to the charge given, nor reserved his right to object to the charge, and has therefore waived any right to assert the charge as error on appeal. *Cameron v. State*, 256 Ga. 225, 226 (2) (345 SE2d 575) (1986). Nevertheless, the charge given was not unconstitutionally burden-shifting. See *Noggle v. State*, 256 Ga. 383, 385 (3) (349 SE2d 175) (1986).

6. We find no merit to the defendant's contention that the trial court erred by failing to grant a new trial on the ground that the state did not disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U. S. 83, (83 SC 1194, 10 LE2d 215) (1963). No such objection was made at trial, and the defendant has waived his right to raise this objection on appeal. *McGhee v. State*, supra. Moreover, a review of the record shows that the evidence was not suppressed by the state and was introduced at trial. *Castell v. State*, 250 Ga. 776, 781 (2) (301 SE2d 234) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1988.

*Jim Barfield, J. Lane Bearden,* for appellant.
*Robert E. Wilson, District Attorney, Steven Roberts, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.