## A98A2356. JOYCE v. THE STATE.
### (509 SE2d 85)

BLACKBURN, Judge.

Jamie C. Joyce appeals his convictions for kidnapping and sexual battery, following a jury trial, contending that the prosecutor violated the provisions of OCGA § 17-8-76 (a) in his closing argument to the jury and the trial court committed reversible error by not granting his concomitant request for a mistrial pursuant to OCGA § 17-8-76 (b). As we find that the prosecutor's comments, viewed in context, served merely to instruct the jury that they were to consider Joyce's guilt and not his punishment, we affirm.

OCGA § 17-8-76 (a) provides: "No attorney at law in a criminal case shall argue to or in the presence of the jury that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury because pardon, parole, or clemency of any nature may be granted by the Governor, the State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency." If this rule is violated, "opposing counsel shall have the right immediately to request the court to declare a mistrial, in which case it shall be mandatory upon the court to declare a mistrial. Failure to declare a mistrial shall constitute reversible error." OCGA § 17-8-76 (b).

Joyce moved for a mistrial based on the following statements made by the prosecutor in his closing argument: "And it's like Mr. Ellis told you at the beginning; it's like the judge is going to tell you,

the only thing you decide here is guilt or innocence. The judge can be just as merciful as he wants; he can do whatever he wants. He decides the sentence. That's why we elect the judge because he's a wise man and that's what he decides. The only thing you decide is guilt or innocence. And I hope that being a reasonable person in this community, and I've done everything I can do; Ms. Golden here has done everything she can do; Mr. Ellis has done everything that he can do; and now, ladies and gentlemen, we try to keep your community safe, and the only way we can do it is to depend on 12 people such as yourselves, because you live here. If you find [Joyce] not guilty, he's going to walk out that front door."

In the analogous case of *Berrian v. State*, 139 Ga. App. 571, 572 (228 SE2d 737) (1976), the defendant objected to the following statement made by the prosecutor: "That's up to the judge when [the defendant is] convicted to say what will be done with him. Whether he will be given probation or whether he will get time or whether he will get a fine or what; that's up to the court. What's the duty you are sworn to do: find out the truth of the matter; give a true verdict according to the evidence; just guilty or not guilty. You won't have anything to do with fixing any punishment. The court does take into account when they fix punishment, the age, prior circumstances of the accused and so forth, and so I say to you, let's judge the case on the facts about what happened." (Punctuation omitted.) This Court held: "Viewed in context, the state simply reminded the jury that they were not concerned with punishment and not that [the defendant] might not be required to suffer the full penalty of the law." As such, no violation of OCGA § 17-8-76 was found.

The language objected to by Joyce is quite similar to that in *Berrian*, and we find that here, as there, the State's language, viewed in context, merely served to remind the jury that they were to be concerned with Joyce's guilt only, not his punishment. Moreover, we note that the trial court, in its closing charge to the jury, gave a curative instruction with regard to the prosecutor's comments. Thus, even if the prosecutor's comments were improper, "we cannot say as a matter of law that defendant was harmed in any way by the trial court's handling of this matter." *Steele v. State*, 181 Ga. App. 695, 696 (1) (353 SE2d 612) (1987).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1998.

*Starling & Starling, Melissa J. Starling*, for appellant.

*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Ellen S. Golden, Assistant District Attorneys,* for appellee.