S99A0880. WILLIAMS v. THE STATE.
(519 SE2d 232)

HUNSTEIN, Justice.

Terrance Deron Williams was convicted of the armed robbery and felony murder of Willie Murray, Sr. and sentenced to life impris-

---

onment.[1] He appeals and we affirm.

1. Williams contends the evidence presented at trial was insufficient to support his conviction of the underlying felony of armed robbery. Considered in the light most favorable to the verdict, the evidence introduced at trial shows that in the late evening of May 9, 1997, Williams and co-defendant William Andre Flake[2] lay in wait for Murray at his home. After arriving home, Murray went back outside to retrieve his radio scanner. As Murray stepped outside the house, Flake walked up to distract him, while Williams came from behind, put a gun to Murray's head, and told him to "give it up." Williams shot Murray after Murray failed to immediately comply. Williams and Flake then took the radio scanner from Murray's van and fled. Reviewing the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Williams guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Williams contends the trial court violated the spirit of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), in denying his request to question the assistant district attorney and law enforcement officers about investigatory information upon which the State based its strikes. The ultimate burden of persuasion regarding racial motivation of peremptory strikes rests with and never shifts from the opponent of the strike. *Purkett v. Elem*, 514 U. S. 765 (115 SC 1769, 1771, 131 LE2d 834) (1995). Therefore, in order to prevail on his *Batson* challenge, Williams had the burden of proving that the State engaged in purposeful discrimination in the exercise of its peremptory strikes. *Batson* does not require and Williams offers no authority to support his proposition that in order to bolster his prima facie case of discrimination Williams was entitled to formally interrogate the prosecutor or law enforcement officers as to their method of investigating potential jurors or information gleaned from such investigation in order to discover directly the information obtained by the State in preparing for its jury selection. We decline to so hold here. We note that Williams failed to establish that he was unable to obtain the desired information by, e.g., submitting a juror questionnaire or conducting a complete voir dire of potential jurors.

---

[1] The crimes occurred on May 9, 1997. Williams was indicted by the Calhoun County grand jury on May 27, 1997. The jury returned guilty verdicts on both counts on December 2, 1997. The same day, the trial court merged the armed robbery charge with the charge of felony murder and sentenced Williams to life imprisonment. Williams filed a notice of appeal on December 8, 1997. The transcript was certified February 4, 1999. The appeal was docketed with this Court on March 18, 1999 and submitted for decision without oral argument.

[2] On December 1, 1997, prior to commencement of trial, Flake entered a guilty plea to charges of voluntary manslaughter and robbery.

Because the record amply supports the trial court's finding that the State used its peremptory challenges in a legitimate, race neutral manner,[3] and these findings which are entitled to great deference will not be disturbed unless clearly erroneous, *Jackson v. State*, 265 Ga. 897, 900 (463 SE2d 699) (1995), we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 6, 1999.

*Billy M. Grantham,* for appellant.

*J. Brown Moseley, District Attorney, Anthony E. Paulsen III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.

---

[3] The State proffered that it struck the challenged jurors based on information that some had been involved in criminal activity or had prior convictions, while others were struck because of their relationship with Williams or his family. One potential juror was struck because she had been interviewed by police about this case and was identified as a possible witness.