A00A1090. HOWARD v. THE STATE.
(534 SE2d 202)

BARNES, Judge.

After a jury convicted Michael B. Howard of the offense of possession of cocaine, the trial court sentenced Howard as a recidivist. In his only enumeration of error, Howard contests the denial of a challenge made under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), in which he contested the State's exercise of its peremptory strikes. Finding no error in the trial court's ruling, we affirm.

After the State struck two African-American prospective jurors,

Howard asserted a *Batson* challenge, alleging that the strikes were racially motivated. The prosecutor disagreed, pointing out that he did not exercise three of his six peremptory challenges and, of the three he used, only two were against African-American prospective jurors. After noting that the defendant had exercised 11 of 12 strikes against Caucasian prospective jurors, the trial court voiced doubt about the viability of Howard's *Batson* motion, observing, "I question whether there's a prima facie case even been made, but I'm going to let [the State] go ahead and put it on the record to satisfy [defense counsel]." The prosecutor then explained that he struck one African-American panel member because she refused to continue deliberating during a previous rape trial that ended in a hung jury. As to the second prospective juror, the prosecutor explained that, during voir dire, a police sergeant advised him that this person lived in an area of "extremely high cocaine traffic" in which the police had recently instituted an ongoing crack-down on illegal drugs. The prosecutor stated that during another trial involving a similar drug prosecution, he had encountered hostility from jurors living in "high cocaine traffic areas" in which police were conducting enhanced law enforcement activity. According to the prosecutor, during deliberations, one juror had insisted that police had planted cocaine on her son, and another juror claimed that he had been stopped and harassed by police about cocaine. In light of his negative personal experience with the earlier drug prosecution, and since Howard was charged with cocaine possession, the prosecutor thought it unwise to seat this person as a juror on a case involving cocaine. No evidence indicated that this prospective juror lived in a predominately or exclusively African-American neighborhood.

After listening to the proffered reasons, the trial court found the State had offered race-neutral reasons for both strikes. The court found no evidence of any discriminatory intent in the State's strikes and no evidence of pretext in the State's explanations. The court denied Howard's *Batson* challenge, and Howard appeals.

When a party alleges a *Batson* violation and presents a prima facie case, the proponent of the strike must offer racially neutral, legitimate, and nondiscriminatory reasons for the use of its peremptory challenge. See *Williams v. State*, 271 Ga. 323, 325 (2) (519 SE2d 232) (1999). Although the justification for a strike need not rise to the level of a challenge for cause, it must be race-neutral and cannot be pretextual. *Lewis v. State*, 264 Ga. 101, 103 (440 SE2d 664) (1994). A strike may be based on mistake, ignorance, or idiosyncracy, provided that the reason for the strike is neutral. *Gamble v. State*, 257 Ga. 325, 326 (2) (357 SE2d 792) (1987).

The opponent of a peremptory strike has the burden of persuading the trial court that the proponent of the strike acted with dis-

criminatory intent in exercising the strike. *Turner v. State,* 267 Ga. 149, 151 (2) (476 SE2d 252) (1996). During a *Batson* hearing, the trial court sits as the finder of fact, and the court's findings as to whether the opponent of the strike carried its burden of persuasion are "entitled to great deference." Id. Further, unless a trial court's ruling on a *Batson* motion is clearly erroneous, that ruling must be affirmed. *Pye v. State,* 269 Ga. 779, 780 (1) (505 SE2d 4) (1998); *Dennis v. State,* 238 Ga. App. 343, 346 (5) (518 SE2d 745) (1999).

Striking a panel member solely on the basis of residence in a particular neighborhood combined with a stereotypical belief is an improper reason for exercising a peremptory strike. *Congdon v. State,* 262 Ga. 683, 685 (424 SE2d 630) (1993). But here, the State did not exercise the strike because of racial stereotyping. Rather, the prosecutor justified the strike because he knew that the panel member lived in an area where police were currently marshaling their efforts against illegal drugs, and he had experienced unfavorable results with previous jurors in similar circumstances. See *Higginbotham v. State,* 207 Ga. App. 424, 425 (3) (428 SE2d 592) (1993); *Smith v. State,* 264 Ga. 449, 450 (1) (448 SE2d 179) (1994) (exercise of peremptory strikes against residents of public housing project plagued by gang-related activity upheld in trial of defendant for gang-related crimes).

Having reviewed the transcript and considered the trial court's findings with great deference, we cannot say the ruling was clearly erroneous. *Hightower v. State,* 220 Ga. App. 165, 166 (1) (469 SE2d 295) (1996). The denial of the defendant's challenge was not error. Id.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 5, 2000.

*Elizabeth M. Grant,* for appellant.

*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney,* for appellee.