## A01A0356. CHAVARRIA v. THE STATE.
### (546 SE2d 811)

BLACKBURN, Chief Judge.

Pablo Chavarria appeals his conviction of possession of marijuana with intent to distribute contending that the trial court erred in failing to excuse two prospective jurors for cause and in failing to allow him to produce evidence at a hearing held pursuant to *Batson v. Kentucky*.[1] For the reasons set forth below, Chavarria's conviction is affirmed.

1. In his first enumeration of error, Chavarria asserts that the trial court erred by failing to excuse two prospective jurors for cause. However, "[a]bsent proof of a manifest abuse of discretion, a trial court's refusal to strike a juror for cause will not be disturbed." *Griffin v. State*.[2]

(a) Citing *Hutcheson v. State*,[3] Chavarria contends that prospective juror Tate should have been excused for cause because he was a career law enforcement officer. In *Hutcheson*, the Supreme Court of Georgia reversed the defendant's conviction after the trial court failed to excuse two prospective jurors for cause who were full-time police officers dressed in their uniforms.

In the present case, however, juror Tate indicated during voir dire that he had been retired for three years and that he was no longer Georgia Peace Officer Standards & Training Council-certified.

---

[1] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).
[2] *Griffin v. State*, 243 Ga. App. 282, 284 (3) (531 SE2d 175) (2000).
[3] *Hutcheson v. State*, 246 Ga. 13 (268 SE2d 643) (1980).

Therefore, this case is controlled by *Smith v. State*,[4] which involved a prospective juror who was a retired police officer who was no longer connected with any law enforcement agency in any official capacity. Therein, this Court determined that the defendant's reliance on the *Hutcheson* case was misplaced. *Smith*, supra. Based upon our decision in *Smith*, the trial court did not abuse its discretion by failing to excuse juror Tate for cause.

(b) Chavarria contends that prospective juror Justice should have been excused for cause. Chavarria bases his argument on juror Justice's admission that she worked as a part-time bookkeeper for the Bainbridge Pharmacy and for the mayor. Chavarria argues that because this case involved a related forfeiture action that could inure to the benefit of the city, and indirectly juror Justice's boss, the mayor, juror Justice had a pecuniary interest in the outcome. During voir dire, the State argued that juror Justice worked for the mayor in his capacity as a pharmacist, not in his capacity as mayor.

Chavarria's argument is tenuous, at best. Contrary to Chavarria's argument, the facts do not support his position that juror Justice had any financial concerns that could be affected by the outcome of his criminal trial. Additionally, "[a] prospective juror may be excused for cause upon a showing that the venireperson holds an opinion 'so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence.'" *Rucker v. State*.[5] The record contains no evidence that juror Justice had any financial interest in the case or that she was unable to decide the case based upon the evidence and the trial court's charge. Therefore, the trial court did not abuse its discretion in denying Chavarria's motion to excuse juror Justice for cause.

2. In his second enumeration of error, Chavarria contends that the trial court erred in failing to allow him to introduce evidence during a *Batson* hearing.

> The opponent of a peremptory strike has the burden of persuading the trial court that the proponent of the strike acted with discriminatory intent in exercising the strike. During a *Batson* hearing, the trial court sits as the finder of fact, and the court's findings as to whether the opponent of the strike carried its burden of persuasion are entitled to great deference. Further, unless a trial court's ruling on a

---

[4] *Smith v. State*, 201 Ga. App. 82 (1) (410 SE2d 202) (1991).
[5] *Rucker v. State*, 270 Ga. 431, 433 (2) (510 SE2d 816) (1999).

*Batson* motion is clearly erroneous, that ruling must be affirmed.

(Citations and punctuation omitted.) *Howard v. State.*[6]

In the present case, the State exercised only five of its six peremptory challenges. The State struck four black people and one white person with its peremptory challenges. The selected jury was made up of six white people and four black people. Chavarria testified that he was Mexican. After this showing, the trial court determined that Chavarria had made a prima facie showing for the purposes of his *Batson* motion, and the trial court required the State to articulate the basis of its peremptory challenges. The State explained that with regard to its first challenge of a black female prospective juror, that juror was struck based upon the prosecutor's information that she was related to a convicted felon and that the juror's name was on two or three incident reports as a person in the area of the crime. The prosecutor's next strike was used against a black female because she had a son that was killed several years ago and the prosecutor's office had determined that no prosecution was required. The prosecutor thought she might harbor ill will toward the prosecutor or law enforcement in general.

The prosecutor explained that he struck the white male because he had previously had personal disagreements with him in the past. A black male was struck by the State because the prosecutor was informed that the prospective juror had a conviction for possession of marijuana and that the juror had been in state or city court more than once as a defendant. The final strike was used against a black female who was related to a defendant whose case was pending on the present trial calendar.

After the prosecutor presented his explanations, Chavarria's defense counsel sought to question the prosecutor regarding the source of his information about the prospective jurors. Defense counsel argued that the information related by the prosecutor had not been revealed during voir dire and that the prosecutor had a record for misrepresenting matters to the trial court. The trial court would not allow the interrogation of the district attorney or the prosecuting police officer. The trial court determined that the State had articulated case-related, race-neutral reasons for the exercise of each of its peremptory challenges and denied the *Batson* motion.

On appeal, Chavarria argues that he was entitled to present evidence and cross-examine the district attorney and the prosecuting police officer. Chavarria relies upon a footnote contained in this Court's opinion in *Gardner v. State*[7] to support his argument that he was entitled to cross-examine the prosecutor. Initially, we note that

[6] *Howard v. State*, 243 Ga. App. 836, 837-838 (534 SE2d 202) (2000).
[7] *Gardner v. State*, 225 Ga. App. 427 (483 SE2d 912) (1997).

the *Gardner* opinion is physical precedent only as it did not receive a full concurrence by the three judges in its division. See Court of Appeals Rule 33 (a). The footnote relied upon indicates that the trial judge, in *Gardner*, heard the explanations for all contested strikes and any additional evidence the parties wished to put forward before rendering a decision. However, our review of law in this area has failed to unearth any binding decision which requires that the trial court allow additional inquiry behind the prosecutor's racially neutral explanations. In fact, the law puts the decision of whether to inquire further into the trial court's hands.

"[T]he ultimate inquiry for the *trial court* is not whether counsel's reasons are suspect, or weak, or irrational, but whether counsel is telling the truth in his or her assertion that the challenge is not race-based." (Punctuation omitted; emphasis supplied.) *Smith v. State*.[8]

> In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province.

(Punctuation omitted.) *Smith*, 264 Ga. at 454 (4), quoting *Hernandez v. New York*.[9]

Additionally, " '[t]here is no requirement that the State's racially neutral explanation for its use of peremptory strikes be supported by a transcript of voir dire.' " *Smith*, 264 Ga. at 453 (4).

> The law provides that a prosecuting attorney's explanation, even if it is based upon mistake or ignorance, may be sufficient to rebut a prima facie *Batson* showing, so long as it is not whimsical or fanciful but is neutral, related to the case to be tried, and a clear and reasonably specific explanation of the legitimate reasons for exercising the challenges.

(Citations and punctuation omitted.) Id.

Therefore, at this step in the analysis of a *Batson* challenge, the trial court must make the determination as to whether the propo-

---

[8] *Smith v. State*, 264 Ga. 449, 454 (4) (448 SE2d 179) (1994).
[9] *Hernandez v. New York*, 500 U. S. 352, 365 (111 SC 1859, 114 LE2d 395) (1991).

nent's reasons are suspect. Again, the opponent of the strike does not have any right, per se, to go behind the proponent's racially neutral explanations. Because there is no requirement that the prosecutor's explanations be supported by facts ascertained during voir dire and it was the trial court's duty to inquire as to any suspected impropriety in determining credibility, the trial court did not err in determining that additional information was not required and in not allowing the cross-examination of the district attorney or the prosecuting police officer.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 2, 2001 —

*Gilbert J. Murrah*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.