## A01A2366. PALMER v. THE STATE.
### (557 SE2d 479)

MILLER, Judge.

Julia Ann Palmer appeals her conviction for theft by shoplifting, contending that the trial court erred in (1) denying her the opportunity of reviewing the prosecutor's notes so she could properly challenge under *Batson*[1] the striking of two prospective jurors and (2) sentencing her as a recidivist. For the following reasons, we affirm.

1. Challenging the State's striking of potential juror nos. 7 and 38 (both of whom belonged to Palmer's minority race), Palmer claims that she was denied the right to review the prosecutor's notes regarding all of the potential jurors and thus did not have the opportunity to show the State's asserted reasons for striking juror nos. 7 and 38 were pretextual.

The State's reasons for striking juror no. 7 was that the juror had a conviction for a criminal offense and that the juror made no

---

response when the jury pool was asked whether anyone had been accused of a crime. The State's reasons for striking juror no. 38 were his four prior arrests, his statements that he had been treated unfairly by law enforcement and that he had a problem with law enforcement, and his revealing only one of the four arrests when asked by the State about having been charged with crimes. Palmer concedes with regard to both potential jurors that these explanations were race-neutral on their face.

Palmer claims on appeal, however, that she was denied the opportunity of showing that these reasons were a pretext when the court denied her request to personally review the prosecutor's notes regarding all jurors to see if other similarly situated jurors were seated.[2] This is not what Palmer argued below, for she stated below only that she was entitled to review the prosecutor's notes to assist her in selecting a fair and impartial jury more beneficial to her. Georgia law does not accord a defendant the right to review a prosecutor's juror notes and records.[3] Thus, the trial court did not err in denying Palmer's request for such documents. Later, during the *Batson* hearing, Palmer argued that without access to the prosecutor's notes, she could not explore juror no. 38's arrest history nor determine whether juror nos. 7 and 38 would serve as fair and impartial jurors. Again, the court properly denied Palmer's request to review those records.

Not until appeal does Palmer argue that reviewing those records would have allowed her to determine whether similarly situated members of another race were seated on the jury.[4] Nor until appeal does she argue that, as an alternative to her reviewing the arrest and conviction records of all the jurors, the trial court under the authority of an Alabama case[5] should have examined the prosecutor's notes in camera.

There are at least two problems with Palmer's appellate arguments. First, Palmer failed to raise these issues below and therefore has waived same. Palmer requested only that she be allowed to review the records, a request that was clearly unauthorized under Georgia law.[6] She never requested that the court review those notes in camera. Nor did Palmer articulate that the reason she wanted to review those records was to determine whether the prosecutor had seated jurors not of Palmer's race who had similar histories of convictions or arrests. Failure to specify at trial the reason later advanced

---

[2] See *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996).
[3] *King v. State*, 273 Ga. 258, 263 (12) (c) (539 SE2d 783) (2000); *Jenkins v. State*, 269 Ga. 282, 286 (4) (498 SE2d 502) (1998); *Fleming v. State*, 269 Ga. 245, 248 (5) (497 SE2d 211) (1998).
[4] Cf. *Turner*, supra, 267 Ga. at 151 (2).
[5] *David v. State*, 740 S2d 1142 (Ala. Crim. App. 1998).
[6] See *King*, supra, 273 Ga. at 263 (12) (c); *Jenkins*, supra, 269 Ga. at 286 (4).

on appeal waives the argument.[7]

Second, even if the issues had not been waived, Georgia law does not require an in-camera inspection of prosecutor's notes. *Chavarria v. State*[8] recently held that a defendant is not entitled to cross-examine a prosecutor on the source of the prosecutor's information about the stricken prospective jurors, even though that information had not been revealed during voir dire. *Chavarria* explained that "the law puts the decision of whether to inquire further into the trial court's hands"[9] and that "evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province."[10] *Chavarria* concluded:

> Because there is no requirement that the prosecutor's explanations be supported by facts ascertained during voir dire and it was the trial court's duty to inquire as to any suspected impropriety in determining credibility, the trial court did not err in determining that additional information was not required and in not allowing the cross-examination of the district attorney or the prosecuting police officer.[11]

We see no reason to deviate from *Chavarria*'s holding that it is in the trial court's discretion as to whether and how to conduct further investigation.

Inasmuch as the failure to require the review of the prosecutor's notes is the only argument regarding the trial court's denial of Palmer's *Batson* challenges, this enumeration must fail.

2. Palmer's other enumeration is that the trial court erred in failing, before sentencing her as a recidivist, to ascertain that each of her prior guilty pleas had been accepted only after a determination that a factual basis existed for each plea. At her sentencing, the State tendered certified copies of ten prior convictions. When asked for any objections, Palmer's counsel responded, "No objection, Your Honor." Thereupon, the exhibits were admitted into evidence, both parties waived argument, Palmer was found subject to sentencing as a felon,[12] and she was sentenced as a recidivist.[13] Palmer's failure to object on the basis she now advances — or indeed to even raise the

---

[7] *Wilbanks v. State*, 251 Ga. App. 248, 265 (15) (554 SE2d 248) (2001); *Williams v. State*, 244 Ga. App. 26, 27 (2) (535 SE2d 8) (2000).

[8] 248 Ga. App. 398, 399-402 (2) (546 SE2d 811) (2001).

[9] Id. at 401 (2).

[10] (Citations omitted.) Id.

[11] Id. at 402 (2).

[12] See OCGA § 16-8-14 (b) (1) (C).

[13] See OCGA § 17-10-7 (c).

issue of procedural irregularity — waived this point and precludes her from raising it now.[14]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 13, 2001.

*Jeffrey W. Cofer*, for appellant.
*Robert E. Keller, District Attorney, Kathryn O. Pulliam, Assistant District Attorney*, for appellee.

