S02A1847. CURLES v. THE STATE.
(575 SE2d 891)

THOMPSON, Justice.

Warner Prosser Curles was convicted by a jury of felony murder with the underlying felony of aggravated assault in connection with the shooting death of William Devalen Black.[1] On appeal, Curles claims that he was entitled to a mistrial based on improper statements in the State's closing argument, and that the court erred in denying his *Batson* challenge. Finding no reversible error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that in the months preceding the shooting, Curles and his wife had been having frequent altercations with their next-door neighbors, Bobbie Jean Williams and Eugene Woodall. On the day in question, Curles drove by the Williams' residence and "shot a bird" at several people who had congregated in their yard for a cookout. The victim was a visitor at the Williams residence and was among those in attendance.

Curles drove to his home, removed what appeared to be an axe handle from the back of his truck, and approached the fence line where he engaged the victim in an argument. As the verbal alterca-

---

[1] The crime occurred on April 14, 1999. An indictment was returned on December 16, 1999, charging Curles with malice murder, and felony murder while in the commission of an aggravated assault. Trial commenced on July 10, 2000, and on July 15, 2000, a jury found Curles guilty of felony murder. He was sentenced on December 5, 2000, to life imprisonment. A motion for new trial was filed on December 21, 2000, and was denied on July 24, 2002. A notice of appeal was filed on July 31, 2002. The case was docketed in this Court on August 16, 2002, and oral argument was heard on November 25, 2002.

tion escalated, the two hurled racial epithets at one another. After informing the victim that "he had something for him," Curles walked back to his residence; he returned shortly thereafter armed with a .38 caliber revolver. The argument continued and Curles removed the gun from his waistband and pointed it at the victim. He repeated this gesture twice and the third time, he fired a fatal shot into the victim's chest. Several eyewitnesses testified to the events. Curles admitted the shooting, contending that he lost his temper because insulting remarks had been directed toward his wife.

Curles and his wife Delores were both indicted for malice murder and felony murder and were tried jointly.[2] The jury acquitted Delores of both counts. Curles was found guilty of felony murder, and a mistrial was declared as to the malice murder charge after the jury was unable to reach a verdict.

1. The evidence was sufficient to enable a rational trier of fact to have found Curles guilty beyond a reasonable doubt of felony murder while in the commission of an aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the State's closing argument, Curles objected and moved for a mistrial based on comments which he claims violated OCGA § 17-8-76. That Code section prohibits an attorney in a criminal case from arguing that "a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury because pardon, parole, or clemency of any nature may be granted by the Governor, the State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency." OCGA § 17-8-76 (a). A violation mandates that the trial court declare a mistrial; and failure to do so constitutes reversible error. OCGA § 17-8-76 (b).

Curles submits that the prosecutor violated the statute by arguing as follows: "The judge will also send out with you the principle of law that says your job is to reach a verdict to seek the truth, but it is his job to sentence if you find these people guilty and certainly, he can take into consideration their good works at church, what they did on their jobs." A curative instruction was given at the time the objection was made.[3] After extensive argument by counsel and much deliberation, the court concluded that a mistrial was not mandated because the comments did not contravene OCGA § 17-8-76. A more extensive curative instruction was given, over objection, and a

---

[2] Mrs. Curles was charged on the theory that she participated in the argument and encouraged her husband to shoot the victim.

[3] This initial instruction was not recorded; however, it appears the court informed the jury that it was not to concern itself with potential punishment.

renewed motion for mistrial by the defense.[4]

"The purpose of [OCGA § 17-8-76] is to prevent prosecutors from arguing in essence that the jury should give a more severe sentence to compensate for possible pardon, parole, or other clemency." *Gilreath v. State*, 247 Ga. 814, 835 (15) (279 SE2d 650) (1981). It has been consistently held that where counsel makes no specific reference to pardon, parole, or other clemency, the statute is not contravened. *Jones v. State*, 258 Ga. 249 (2) (368 SE2d 313) (1988); *Romine v. State*, 256 Ga. 521 (10) (350 SE2d 446) (1986). See also *McGill v. State*, 263 Ga. 81 (1) (428 SE2d 341) (1993). Compare *Cash v. State*, 231 Ga. 285 (5) (201 SE2d 625) (1973) (error resulting from improper *jury instruction* regarding the court's authority to probate sentence). While the prosecutor's comments in this case constitute a misstatement of the law and thus were improper argument, the remarks did not specifically refer to pardon, parole or clemency and thus did not violate OCGA § 17-8-76. In addition, the court's remedial instructions were sufficient to cure any harm resulting from the prosecutor's erroneous and improper remarks. *Jones*, supra; *Joyce v. State*, 235 Ga. App. 167 (509 SE2d 85) (1998); *Berrian v. State*, 139 Ga. App. 571 (1) (228 SE2d 737) (1976). Accordingly, the trial court correctly determined that a mistrial was not mandated.

3. It is asserted that the trial court compounded the error in the State's argument with a curative instruction which suggested that character evidence might be considered in sentencing Curles. As noted above, the curative instruction was framed to correct the prosecutor's erroneous statement of law and to emphasize that the jury was to play no role in fixing punishment. We find no error even in view of the jury's subsequent question during deliberations as to which offense was the "more serious." The court correctly declined to answer that question. In a renewed motion for mistrial, Curles asserted that the question indicated the jury was considering punishment rather than guilt or innocence. The court denied the motion, noting that the basis for the jury's inquiry was subject to speculation or conjecture. We find no abuse of discretion in the court's denial of Curles' renewed motion for mistrial. See generally *Isaac v. State*, 269 Ga. 875 (2) (505 SE2d 480) (1998).

4. After the jury had deliberated for about seven hours, they informed the court that they had reached verdicts as to all charges

---

[4] In essence, the court corrected the prosecutor's erroneous comments by instructing the jury that there are certain cases in which the judge has no discretion in sentencing and thus cannot consider the character of the accused; and conversely, that the court can consider character with regard to certain other offenses. The court would not specify which offenses are involved here, and it reiterated that the jury is not to be concerned with sentencing, but only to determine guilt or innocence of the accused.

against the co-defendant wife, and the felony murder charge against Curles, but were deadlocked as to the malice murder count, and that their "resolution of this count is most remote." The unanimous verdicts were published, and the court ascertained that the jury was split 9-3 on the malice murder count. Defense counsel requested an *Allen* charge, which the court gave.[5] The jury continued to deliberate for another four and one-half hours and again announced that they were hopelessly deadlocked. Over Curles' objection, the court declared a mistrial as to the malice murder count.

"The determination as to whether the jury is in fact hopelessly deadlocked is a matter 'somewhat in the discretion' of the trial court." *Glass v. State*, 250 Ga. 736, 738 (2) (300 SE2d 812) (1983). "The decisive factor is not the length of deliberation but the inability of the jury to agree on a verdict." (Citation and punctuation omitted.) *Griffin v. State*, 264 Ga. 232, 233 (443 SE2d 612) (1994). Here, the jury informed the court on three occasions during the lengthy deliberations that it was unable to reach a unanimous verdict as to the count of malice murder, despite the court's *Allen* instruction. Under the circumstances, we find no abuse of discretion in declaring a mistrial. Id.

5. Curles, who is Caucasian, asserts that the trial court erred in denying his *Batson* challenge. After the defense established that the State used all six of its peremptory challenges to strike Caucasians from the jury, the court found a prima facie showing of racial discrimination and required the State to give race-neutral reasons for their strikes. The court determined that the State's articulated reasons for their strikes were facially race-neutral. On appeal, Curles takes issue with the reasons given for dismissing four of the six jurors.

Three of the potential jurors acknowledged that they were acquainted with persons who were listed as witnesses for the defense. The fourth stated that she was employed by an insurance firm which had handled an account with the law firm representing Curles. A prospective juror's acquaintance with witnesses has been held to be a legitimate race-neutral reason for exercising a peremptory challenge. *Henderson v. State*, 257 Ga. 434 (3) (360 SE2d 263) (1987). Similarly, a juror who has engaged in a business relationship with the defendant or his family provides a sufficient basis for a peremptory strike. *Marshall v. State*, 266 Ga. 304 (2) (466 SE2d 567) (1996). We see no material distinction between a business relation-

---

[5] The jury had been charged on the lesser offense of voluntary manslaughter, and the verdict form provided that option. Defense counsel was hopeful that if the jury continued deliberations, they would find Curles guilty of the lesser offense. See *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992) (verdict of felony murder cannot be returned if jury finds the underlying felony of aggravated assault is mitigated by provocation or passion).

ship with the defendant or such a relationship with his attorney as a race-neutral explanation for exercising a peremptory challenge.

"Unless a discriminatory intent is inherent in the proponent's explanation for a strike, the reason offered will be deemed race neutral." (Citations and punctuation omitted.) *Jenkins v. State*, 269 Ga. 282, 290 (11) (498 SE2d 502) (1998). The trial court did not err in finding the reasons articulated by the State sufficiently neutral and legitimate to rebut a prima facie case of discrimination under *Batson*.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 27, 2003 —
RECONSIDERATION DENIED FEBRUARY 24, 2003.

*Donaldson, Bell & Pickett, George P. Donaldson III, Misty D. Garrett*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.