## A06A1064. FLOYD v. THE STATE.
(635 SE2d 366)

ADAMS, Judge.

Lewis Kenettya Floyd was convicted of aggravated battery and first degree cruelty to children; the convictions were merged for sentencing. The convictions arose out of allegations that during an altercation at a party, Floyd struck a nine-year-old child in the mouth. In his sole enumeration of error, Floyd contends the trial court erred by denying his challenge to the jury, in which he asserted that the State exercised peremptory challenges in a racially and sexually discriminatory manner. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986); *J. E. B. v. Alabama*, 511 U. S. 127, 143 (114 SC 1419, 128 LE2d 89) (1994).

The three-step procedure for analyzing a *Batson* challenge is well known:

> The opponent of a peremptory challenge must make a prima facie showing of racial discrimination; the burden of production shifts to the proponent of the strike to give a race-neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent.

(Footnote omitted.) *Chandler v. State*, 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

The voir dire questioning was not recorded. But the record does reflect that Floyd is an African-American male. Following the voir dire, the State struck six prospective jurors, including all four African-American men and two white men. No African-Americans were seated on the jury. And from the names of the jurors, it would appear that nine men and three women were seated. Finally, a review of the jury list shows that approximately 40 of 65 prospective jurors were men.

In response to Floyd's *Batson* motion, the court found a prima facie case of discrimination and asked the State to explain the strikes. The prosecutor explained that he "struck every single[, i.e., unmarried] male in the jury pool."[1] The prosecutor claimed that there were no unmarried men on the pool that he did not strike. The court found that the reasons given were race-neutral and denied the motion with regard to racial discrimination.

The court then asked the State to explain the strikes with regard to gender discrimination. The prosecutor explained that he did not

[1] With regard to one juror, he added that the juror knew the defendant.

notice any single females and he was trying to strike all people who were unwed because he wanted people with children on the jury; he believed they would be likely to cherish family values and might be more inclined to convict in a domestic violence case. The court indicated that it understood the reasoning and concluded that the State gave both a race- and gender-neutral explanation. Therefore the court denied the motion, implicitly deciding there was no discriminatory intent. See *Herrin v. State*, 221 Ga. App. 356, 358 (471 SE2d 297) (1996). We will affirm the decision of the trial court unless it was clearly erroneous. *Johnson v. State*, 266 Ga. 775, 777 (4) (470 SE2d 637) (1996).

"A prima facie case of racial discrimination having been established, the burden was on the prosecutor to prove that the disproportionate exclusion of black [or male] jurors was not the result of the prosecutor's conscious or unconscious animus against black [or male] jurors but was instead mere happenstance." *Ford v. State*, 262 Ga. 558, 559 (2) (423 SE2d 245) (1992). "The prosecutor's explanations must be strong enough to *overcome* the prima facie case." Id. The explanations must be concrete, tangible, race- and gender-neutral, neutrally applied, and case related. Id. at 560 (3); *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674) (1998).

Although the prosecutor's explanations were inartful, we must defer to the trial court's conclusion that the State sought to exclude childless jurors, a race- and gender-neutral reason. Construing the prosecutor's words in favor of the trial court's conclusion, the State essentially argued that it preferred married jurors because they might have children, and, accordingly, they might be more inclined to convict in a domestic violence case involving a child victim. See *Herrin*, 221 Ga. App. at 358 (although the prosecutor stated that he struck a juror " 'because he is . . . male,' " the context showed that he was identifying the juror for discussion purposes). Although the prosecutor in this case explained that he was striking "single men," his further explanation supports the conclusion that he sought to remove unmarried jurors and, therefore jurors who were probably childless. "A prospective juror's divorced or childless state is a racially-neutral reason for the exercise of a peremptory strike. [Cits.]" *Smith v. State*, 264 Ga. 449, 452 (3) (448 SE2d 179) (1994). See also *Herrin*, 221 Ga. App. at 359. We therefore agree with the trial court that the prosecutor's explanation overcame the prima facie case of discrimination.

Floyd contends that there is nothing in the record to support the State's reasoning, such as whether there were any single women in the jury pool, whether the State questioned anyone about whether they had children, or whether the State asked the men it struck if they had children. But

there is no requirement that the State's racially [or gender] neutral explanation for its use of peremptory strikes be supported by a transcript of voir dire. The law provides that a prosecuting attorney's explanation, even if it is based upon mistake or ignorance, may be sufficient to rebut a prima facie *Batson* showing, so long as it is not whimsical or fanciful but is neutral, related to the case to be tried, and a clear and reasonably specific explanation of the legitimate reasons for exercising the challenges.

(Citations and punctuation omitted.) *Chavarria v. State*, 248 Ga. App. 398, 401 (2) (546 SE2d 811) (2001). Furthermore, the voir dire itself was not recorded, and therefore Floyd cannot show that the State's reasons were not supported by the questioning.

We cannot conclude that the trial court's decision was clearly erroneous.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 11, 2006 — ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Stephen M. Gray, Assistant District Attorney*, for appellee.