## S09A0743. BLACKSHEAR v. THE STATE.
### (680 SE2d 850)

Thompson, Justice.

Appellant Russell Blackshear appeals from the denial of his motion for new trial following his convictions for the murder of Julian Smith and other related crimes.[1] Finding no error, we affirm.

1. Viewed in the light most favorable to the verdict, the jury was authorized to find that appellant fired several gunshots into a car in which Smith and Kyzer Green were sitting. Smith received numerous gunshot wounds to his head and died shortly thereafter. Green was able to exit the car and run away. Appellant then fled the area in a car, which appellant and others rented, tinted the windows, and hid, in the days prior to the shooting. After the shooting, appellant removed the tint from the car windows and wiped down the gun used in the crimes in order to remove fingerprint evidence. He was interviewed and arrested several years later after police received information that appellant had been paid to kill Smith in retaliation for another murder. We conclude the evidence was sufficient to authorize the jury to find appellant guilty of the charged crimes beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's denial of appellant's

---

[1] The crimes occurred on September 18, 2003. Blackshear was indicted by a Ben Hill grand jury on September 18, 2006, and charged with malice murder, felony murder predicated on the underlying felony of aggravated assault against Smith, aggravated assault of Kyzer Green, tampering with evidence, and two counts of possession of a firearm during the commission of a crime. Trial by jury was held on April 14-16, 2008, and the jury returned its verdict on April 16, 2008, finding Blackshear guilty of all charges. On April 17, 2008, the trial court vacated the felony murder count and merged the count charging the aggravated assault of Smith. The court sentenced Blackshear to life in prison without the possibility of parole for malice murder, a twenty-year concurrent term of imprisonment for the aggravated assault of Green, a ten-year concurrent term of imprisonment on the tampering charge, and two consecutive five-year terms of imprisonment on the possession charges. Blackshear filed a motion for new trial on April 17, 2008, which was denied on October 20, 2008, after a hearing. A notice of appeal was filed on November 15, 2008. The appeal was docketed in this Court on January 26, 2009, and submitted for decision on the briefs.

motion for a continuance to allow additional time to obtain and review a transcript of a co-defendant's trial. The continuance was requested because defense counsel believed portions of the transcript he did not receive until the day of trial "might be important for impeachment purposes." In denying the motion, the trial court noted there had been no showing that any witness would testify differently from the way they testified at the co-defendant's trial, appellant had received all discovery materials from the State, including transcripts and audio recordings of the witnesses' statements to police, and appellant had been in jail for almost two years awaiting trial. Under these circumstances, we cannot say the court's denial of the motion for a continuance was an abuse of discretion. OCGA § 17-8-22. See *Marshall v. State*, 239 Ga. 101 (1) (236 SE2d 58) (1977) (refusal to grant continuance will not be disturbed by appellate courts absent clear abuse of discretion); *Hammonds v. State*, 157 Ga. App. 393 (2) (277 SE2d 762) (1981) (no error in denying motion for continuance where defendant failed to show need for transcript and diligence in obtaining it).

3. Appellant argues that the State exercised a pattern of racially discriminatory peremptory strikes by striking from the jury panel five black prospective jurors. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

> The evaluation of a *Batson* challenge involves a three-step process: (1) the opponent of a peremptory challenge must make a prima facie showing of racial discrimination; (2) the proponent of the strike must then provide a race-neutral explanation for the strike; and (3) the court must decide whether the opponent of the strike has proven discriminatory intent.

*Thomas v. State*, 274 Ga. 156, 161 (5) (549 SE2d 359) (2001). A trial court's finding as to whether the opponent of a strike has proven discriminatory intent is entitled to great deference and will not be disturbed unless clearly erroneous. *Barnes v. State*, 269 Ga. 345 (6) (496 SE2d 674) (1998).

Appellant established a prima facie showing of discrimination by demonstrating that the State used its strikes to remove five black members of the jury panel. The State gave its reasons for its strikes and the court found the reasons to be race-neutral. We agree. The State explained that one prospective juror was removed because she had been a victim in a previous case and had been uncooperative with the prosecutor's office. A second prospective juror was struck because she had been arrested several times by an officer involved in appellant's arrest and because she was known by the State to have a

drug problem. The prosecutor proffered that he struck two other prospective jurors because they knew "just about everyone in the case" and one was seen talking in the hall to the mother of a co-defendant while the other had a previous aggravated assault charge. The last prospective juror was struck because she made clear to the State that she "did not want to be [t]here." Each of these reasons has been held to be a race-neutral explanation and by offering no other evidence, appellant failed to establish "that the reasons given by the State were merely pretexts for purposeful racial discrimination. [Cit.]" *Henry v. State*, 265 Ga. 732 (2) (462 SE2d 737) (1995) (citing *Purkett v. Elem*, 514 U. S. 765 (115 SC 1769, 131 LE2d 834) (1995)). See *Oliver v. State*, 276 Ga. 665 (4) (581 SE2d 538) (2003) (strike based on prosecutor's knowledge that juror was victim in previous crime and declined to prosecute is race-neutral); *Curles v. State*, 276 Ga. 237 (5) (575 SE2d 891) (2003) (juror's acquaintance with witness is race-neutral reason for peremptory challenge); *Dukes v. State*, 273 Ga. 890 (2) (548 SE2d 328) (2001) (juror's inclination to avoid jury service raised sufficient questions about her willingness to fully and impartially participate in proceedings); *Williams v. State*, 271 Ga. 323 (2), n. 3 (519 SE2d 232) (1999) (juror's involvement in criminal activity or prior convictions is race-neutral reason for peremptory strike). Accordingly, the trial court did not err in finding that the reasons articulated by the prosecutor were race-neutral and denying the *Batson* motion.

4. Appellant argues that the trial court erred by admitting into evidence an officer's hearsay testimony in violation of his Sixth Amendment right to confrontation. Even assuming the challenged testimony constituted hearsay, appellant failed to raise the confrontation clause objection at trial and may not raise it for the first time on appeal. *Pinckney v. State*, 285 Ga. 458, 460 (3) (678 SE2d 480) (2009); *Burgeson v. State*, 267 Ga. 102 (7) (475 SE2d 580) (1996). Appellant has waived this argument.

5. During the investigation of the crimes, a confidential informant provided police with information indicating the crimes may have been committed by someone known as "Twan." Defense counsel moved to compel the State to reveal the identity of the confidential informant, arguing that he may have information that could lead the jury to conclude that appellant was innocent. The State asserted appellant had received the entirety of the State's file pertinent to the information provided by the confidential informant and its investigation and the prosecutor stated in her place that the State, including its investigatory agencies and agents, did not know and was not in possession of any information establishing the informant's identity. During trial, however, a witness for the State testified that the confidential informant's name was written "some-

where." Appellant alleges the State failed to disclose the informant's identity in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

To prevail on a *Brady* claim, a defendant must show that the State possessed evidence favorable to the defendant; defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; the prosecution suppressed the favorable evidence; and had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceeding would have been different. *Burgeson v. State*, supra at 104 (2). Pretermitting the issue of whether appellant met his burden with regard to the first three prongs, we find no reversible error because appellant failed to satisfy the fourth prong, a showing of a reasonable probability that disclosure of the evidence would have caused a different outcome in the trial. See *Rogers v. State*, 257 Ga. 590, 592 (3) (361 SE2d 814) (1987). Although the informant's identity was not disclosed to defense counsel, counsel was provided the informant's statement identifying Twan as a possible suspect and files documenting the State's investigation and ultimate conclusion that Twan was not involved in the crimes. Moreover, the jury was presented with testimony of several co-defendants and witnesses identifying appellant as the shooter, as well as appellant's own admission to police that he was paid money to shoot the victim. Based on this evidence, we conclude as a matter of law there would not have been a reasonable probability of a different outcome at trial if appellant had been provided the name of the confidential informant.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 2009.

*Kimberly L. Copeland*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.