## S12A0784. JACKSON v. THE STATE.
### (727 SE2d 120)

THOMPSON, Justice.

Appellant Rodger Jackson, Jr., was convicted of felony murder and other related offenses in connection with the shooting death of Joshua "Caleb" Burroughs.[1] On appeal, Jackson claims that the trial court erred in denying his *Batson* challenge to the State's peremptory strikes during jury selection and violated his Fourteenth Amendment Equal Protection rights relating to jury selection. Finding no error, we affirm.

1. Viewed in a light most favorable to the verdict, the evidence shows that Jackson, a member of a street gang known as the "Get Money Click," and some of his fellow gang members drove up to a group of teenagers congregating in the front yard of a house. Looking to start a fight, Jackson and the members of the street gang exited their cars and walked toward the group in the front yard. According to witnesses, the gang members were yelling and throwing up gang signs.

Around the same time, Burroughs, the victim, was seen walking up the street. In the midst of the yelling, Jackson pulled out a gun and shot twice into the air, before lowering his weapon and firing it once into the crowd. Burroughs, who was unarmed, was shot in the abdomen, and died a short time later. Jackson, who fled the scene, was the only person who fired a weapon. He was identified to police as the shooter by witnesses who knew him by name.

When construed most strongly in support of the verdict, the evidence was sufficient to enable a rational trier of fact to find Jackson guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. On appeal, Jackson argues that the trial court erred in denying his challenge to the State's use of its peremptory strikes during jury selection. After jury selection, Jackson challenged the make-up of the

---

[1] The crimes occurred on April 16, 2008. A Cobb County grand jury returned an indictment on July 7, 2008 charging Jackson with malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a crime (two counts), and participation in criminal street gang activity (two counts). Trial commenced on July 15, 2009, and on July 16, 2009, a jury acquitted Jackson on the malice murder charge while finding him guilty on all other counts. He was sentenced on July 16, 2009 to life imprisonment for felony murder, ten concurrent years for participation in criminal street gang activity, and five consecutive years for possession of a firearm during the commission of a crime. The remaining counts were merged and vacated under *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Jackson filed a motion for new trial on July 20, 2009, which was amended on June 16, 2010, and denied on September 3, 2010. A notice of appeal was filed on September 21, 2010. The appeal was docketed to the April 2012 term of this Court and was submitted for a decision on briefs.

petit jury under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), asserting that the State improperly used its strikes to remove two of the four African-American members of the jury venire. Jackson himself struck a third African-American juror, and the fourth was not reached.

The trial court did not make an express finding that a prima facie showing of racial discrimination had been made, but required the State to provide an explanation for its strikes.[2] The State noted generally that as the defense had used all of its strikes early in the selection process, the State was free to choose from among the remaining jurors. The State then explained that it struck Juror 24 because he "was somewhat combative [and] reluctant to answer the [State's] questions"; and it struck Juror 30 because she had "a teenage son or daughter at home," and the next juror in line did not and so was more favorable to the State. Without making any express findings, the trial court granted Jackson's *Batson* challenge in part, seating Juror 30 but not Juror 24. Further, during a colloquy after the *Batson* exchange, the trial court stated it was not making a finding that the State's strikes were racially motivated. At the close of jury selection, the trial court asked whether the jury seated was the jury selected, and both sides responded that it was. The trial court then asked whether there was anything else before the jury was sworn, and Jackson replied "not on behalf of the defense."

Jackson correctly points out that because the trial court directed the State to explain its strikes, the preliminary question of whether he had established a prima facie case of discrimination was moot and the State was required to articulate a racially neutral explanation. *Barnes v. State*, 269 Ga. 345, 349 (496 SE2d 674) (1998); *George v. State*, 263 Ga. App. 541, 544 (588 SE2d 312) (2003). Jackson asserts that the State's explanation that it struck Juror 24 because he was combative and reluctant to answer the State's question is unsupported by the record and argues that the trial court merely acted as a "rubber stamp" when it failed to find this explanation to be pretextual. But see *Curles v. State*, 276 Ga. 237, 240 (575 SE2d 891) (2003) (unless discriminatory intent is inherent in proponent's explanation, the reason offered will be deemed race neutral). However, a trial court's finding as to whether the opponent of a strike has

---

[2] The evaluation of a *Batson* challenge involves a three-step process: (1) the opponent of a peremptory challenge must make a prima facie showing of racial discrimination; (2) the proponent of the strike must then provide a race-neutral explanation for the strike; and (3) the court must decide whether the opponent of the strike has proven discriminatory intent. [Cit.] *Blackshear v. State*, 285 Ga. 619, 620 (680 SE2d 850) (2009).

proven discriminatory intent is entitled to great deference and will not be disturbed unless clearly erroneous. *Blackshear*, supra; *Stokes v. State*, 281 Ga. 825, 829 (642 SE2d 82) (2007). Applying this standard, Jackson's contention that the State failed to give an adequate non-discriminatory reason for striking Juror 24 is unpersuasive.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Richard A. Grossman*, for appellant.

*Patrick H. Head, District Attorney, Anna G. Cross, Grady A. Moore, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General*, for appellee.