## A04A1366. WILLIAMS v. THE STATE.
### (604 SE2d 592)

MIKELL, Judge.

Tommie Lee Williams was convicted of one count of aggravated assault based on evidence that he beat his ex-wife with a two-by-four board, causing multiple injuries. He appeals from the denial of his motion for new trial, arguing that the trial court erred by denying his motion for a directed verdict of acquittal and by admitting photographs of the victim's injuries as similar transaction evidence. We affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence."[1] We do not weigh the evidence or determine witness credibility, but only decide whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

Viewed in its proper light, the evidence shows that Williams began to abuse his wife physically in May 1989. On February 21, 1990, he beat her with a two-by-four board and a metal carpenter's level, breaking her nose, cracking her ribs, and tearing the skin between her fingers, requiring stitches. Williams was convicted of aggravated assault as a result of the incident, and a certified copy of his conviction was admitted into evidence. The victim divorced Williams in 1991, but they later reconciled. On June 12, 1993, he battered her again. Williams told the victim that he would kill her if she called the police, because he was not going back to prison. A police officer who had been dispatched to the scene in 1993 testified that he observed bruises on her face and chest and that he saw a towel saturated with blood on the floor next to her.

The incident resulting in the conviction from which Williams appeals occurred on February 18, 1994. This time, Williams beat the

---

[1] (Citation omitted.) *Bates v. State*, 259 Ga. App. 232, 233 (1) (576 SE2d 619) (2003).
[2] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

victim with his fists and a two-by-four board, shattering her eardrum. Also, her hands and back were covered with bruises from the beating. She was pregnant, so she covered her stomach with her hands to keep Williams from hurting the baby. A police officer who observed the victim in the hospital after the attack testified that her eyes were black, her hands were red and bruised, and her back and right ear were bruised. The victim informed the officer that Williams had beaten her with a two-by-four board as well as his fists.

1. A person commits the offense of aggravated assault when he assaults with a deadly weapon, which, when used offensively against a person, is likely to or actually does result in serious bodily injury.[3] In this case, Williams was charged with using a two-by-four board as a deadly weapon. On appeal, he argues that the state failed to prove this element of the offense because "there were no witnesses to the assault besides the victim." Apparently, Williams believes that the victim's testimony is not sufficient to establish the fact that she was struck with a deadly weapon. That argument fails, however, because it is well settled that "[t]he testimony of a single witness is generally sufficient to establish a fact."[4] "Here the victim's testimony alone is sufficient to authorize the jury's verdict of guilty beyond a reasonable doubt."[5]

2. Williams additionally contends that the trial court erred in admitting photographs showing the injuries the victim sustained in both of the similar transactions.

"The admission of photographs into evidence is a matter within the discretion of the trial court. Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value."[6] In this case, Williams argues that the photographs were substantially more prejudicial than probative. The photographs have not been included in the appellate record. However, during the course of identifying the photographs, the victim described what was depicted in them — a broken nose, torn skin on her fingers, black eyes, a busted lip, bruises on her breasts, arms, shoulders, back, and buttocks, and welts on her legs. In the instant case, Williams was charged with inflicting similar injuries upon the victim using the same weapons — a board and his

---

[3] OCGA § 16-5-21 (a) (2).

[4] OCGA § 24-4-8; (punctuation and footnote omitted) *Harris v. State,* 257 Ga. App. 42, 43 (1) (570 SE2d 353) (2002).

[5] (Footnote omitted.) *Armstead v. State,* 255 Ga. App. 385, 386 (1) (565 SE2d 579) (2002).

[6] (Punctuation and footnotes omitted.) *Watkins v. State,* 248 Ga. App. 412, 413 (2) (a) (546 SE2d 363) (2001).

fists. Therefore, the photographs were probative to show the similarity between the prior offenses and the current offense. "Because the photographs depicted similar injuries inflicted by [Williams], they were probative to establish course of conduct, even if they also inflamed and prejudiced the jury."[7]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 9, 2004.

*Vernon H. Smith, Nicholas E. White,* for appellant.
*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney,* for appellee.

---

[7] *Hawks v. State,* 223 Ga. App. 890, 892 (3) (479 SE2d 186) (1996), citing *Jefferson v. State,* 206 Ga. App. 544, 548 (5) (425 SE2d 915) (1992).