### A11A2428. ZELLARS v. THE STATE.
#### (723 SE2d 319)

MIKELL, Presiding Judge.

Barney Zellars was found not guilty by reason of insanity of aggravated assault and possession of a firearm during the commission of a crime on June 21, 2000, and he was committed to the Department of Human Resources (the Department) for involuntary treatment of paranoid schizophrenia. On September 28, 2000, another hearing was held to determine if Zellars met inpatient civil commitment criteria and he was again committed to the Department. On November 13, 2000, an arrest order for Zellars was entered reflecting that he had escaped from the Georgia Regional Hospital in Augusta. Following a hearing on June 3, 2004, the Department's request that Zellars be conditionally released was denied, the trial court finding that Zellars continued to meet the criteria for involuntary commitment and treatment. Following another hearing on September 6, 2005, the request of the Department for a conditional release plan for Zellars was approved. Although the order approving the plan states that a copy of it "is attached hereto and incorporated herein by reference," no copy of the plan is contained in the record before us.

By petition of February 4, 2009, Zellars requested release from the order finding him not guilty by reason of insanity, contending that he no longer met the requirement for inpatient commitment because "his mental illness is currently in remission." By order entered January 12, 2010, the trial court found that

> [t]he . . . social worker and psychiatrist from Georgia Regional monitoring [Zellars] and his progress stated that he has the same medical diagnosis and is continuing treatment through prescription medication. [Zellars] is on a strict schedule as far as taking medication. If granted a full release, there will be no immediate recourse if [he] refuses to take his medication and becomes unstable.

By petition of June 14, 2010, Zellars again requested release, contending that he no longer met the requirements for inpatient commitment, again stating that his "mental illness is currently in remission." Following a hearing, the trial court again denied Zellars' request for a full release and continued him on his conditional

release plan.

Zellars appeals, contending that the trial court erred (1) in abdicating its authority in failing to discharge Zellars from commitment "after he successfully completed all of the requirements of his conditional release plan, during his period of conditional release"; (2) in concluding that Zellars failed to overcome the rebuttable presumption, by a preponderance of evidence, that he no longer requires inpatient involuntary treatment; and (3) "in abdicating its authority when it failed to consider all of the credible and relevant expert and other evidence presented at the hearing and contained in the trial record."

The appropriate standard of review is whether, "after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was sane."[1]

1. Regarding Zellars' first enumeration, as stated above, the conditional release plan is not contained in the record before us. "A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed."[2]

2. In his second and third enumerations of error, Zellars contends that the trial court erred in concluding that he "failed to overcome the rebuttable presumption, by a preponderance of the evidence, that he no longer requires inpatient involuntary treatment" and that the trial court erred in abdicating its authority "when it failed to consider all of the credible and relevant expert and other evidence presented at the hearing and contained in the trial record." These two enumerations are considered together since they both require consideration of the evidence presented to the trial court.

In the statement of facts, Zellars states that "[h]earings were held on *August 17, 2010*, and March 25, 2011. During the full release hearings, evidence was presented by Mr. Zellars, which included his testimony *from treating psychiatrists at each of these hearings.*" (Emphasis supplied.)

A review of the record before us, however, reveals that there is no transcript of the August 17, 2010 hearing contained therein, only that of March 25, 2011. As the party alleging error, it is Zellars' burden to show error by the record.[3] Because we do not have all of

---

[1] (Citation and punctuation omitted.) *Nagel v. State*, 262 Ga. 888, 892 (2) (b) (427 SE2d 490) (1993).

[2] (Footnote omitted.) *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999).

[3] See, e.g., *Brown v. Frachiseur*, 247 Ga. 463, 464-465 (277 SE2d 16) (1981) (holding that an appellate court may affirm on the ground that "the appellant failed to present . . . a record

the evidence presented to the trial court below, we must assume that the judgment below was correct.[4]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED FEBRUARY 9, 2012.

*Alicia H. Thomas*, for appellant.

*R. Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

sufficient to enable [the court] to determine whether the trial court has committed reversible error") (citation omitted); *Bennett v. Executive Benefits, Inc.*, 210 Ga. App. 429 (436 SE2d 544) (1993) (holding that appellant has the burden of showing error by the record "and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm") (citations omitted).

[4] Id.; *Bennett*, supra.