**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 1, 2012**

# In the Court of Appeals of Georgia

A12A0237. SOLIS-MORALES v. THE STATE.

BLACKWELL, Judge.

Jose Luis Solis-Morales was tried by a Gwinnett County jury and convicted of aggravated assault,[1] burglary,[2] and six counts of false imprisonment.[3] Solis-Morales now appeals, contending that the trial court erred when it allowed the State to present evidence that, according to Solis-Morales, is substantially more prejudicial than probative.[4] We find no merit to this claim, and we affirm Solis-Morales's convictions.

---

[1] OCGA § 16-5-21 (a).

[2] OCGA § 16-7-1 (a).

[3] OCGA § 16-5-41 (a). In addition, the jury found Solis-Morales not guilty of armed robbery.

[4] See *Williams v. State*, 269 Ga. App. 512, 513 (2) (604 SE2d 592) (2004).

It is within the sound discretion of the trial court to determine if the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Quedens v. State*, 280 Ga. 355, 361 (4) (629 SE2d 197) (2006) (citation and punctuation omitted); see also *Alvelo v. State*, ___ Ga. ___ (4) (Case No. S11A1979, decided February 27, 2012). Here, Solis-Morales claims that he was unfairly prejudiced when the jury was allowed to view a video recording of a police officer conducting a search of his pockets after he was arrested[5] because, Solis-Morales alleges, he was restrained in handcuffs at the time of the search.

First, we disagree with Solis-Morales's assertion that the video recording is not "probative" because it is irrelevant and cumulative of other evidence. Although Solis-Morales has failed to provide a copy of the video recording with the appellate record,[6]

---

[5] Solis-Morales and three accomplices were charged with crimes relating to a home invasion in Norcross. One of the victims was able to call 911 during the incident, and Solis-Morales and his accomplices were arrested at the scene. At trial, Solis-Morales's lawyer argued that even though his client was in the house uninvited, there was no evidence that he directly participated in any of the crimes.

[6] We note that we could affirm the judgment below on this ground alone. See *Zellars v. State*, ___ Ga. App. ___ (2) n. 3 (Case No. A11A2428, decided February 9, 2012) (appellant has the burden of showing error by the record, and an appellate court may affirm on the ground that "the appellant failed to present a record sufficient to enable the court to determine whether the trial court has committed reversible

2

he acknowledges that it shows a police officer recovering a set of keys from his pocket during a search at the Norcross police station. At trial, the State offered testimony to show that the keys belonged to the one of the victims of the home invasion, and this evidence supported the claim that Solis-Morales committed an armed robbery in which the keys were taken from the victim at gunpoint.

When the video of the search was shown to the jury, the officer who conducted the search had already testified that he discovered the victim's keys in Solis-Morales's pocket. But his testimony on this issue was challenged by Solis-Morales. For example, on cross-examination, the officer acknowledged that it was standard procedure to frisk a suspect at the time he was arrested, that the officers who searched Solis-Morales at the time of his arrest should have found any keys in his pocket, and that, because the keys were on a chain that also included a small pocket knife, the keys would not have been given back to Solis-Morales after being initially discovered by the arresting officers. Solis-Morales's lawyer asked the officer how it was possible that a key chain with a pocket knife could have remained in his client's pocket until the time that the officer claimed to have discovered it at the police station, and he also asked him if he had described finding the victim's keys in his client's pocket as

error") (citation and punctuation omitted).

3

evidence that was both "beautiful and perfect."[7] Because the circumstances surrounding the officer's discovery of the victim's keys in Solis-Morales's pocket comprised a material fact at issue, and that the video recording was the only evidence supporting the officer's disputed testimony on this point, the trial court did not abuse its discretion in determining that the video recording is relevant and not cumulative of other evidence. See *Mims v. State*, ___ Ga. App. ___ (2) (Case No. A11A1991, decided Feb. 16, 2012) (evidence is relevant "if it tends to prove or to disprove a material fact at issue, and every act or circumstance which serves to explain or throw light upon a material issue is relevant.") (citation and punctuation omitted).

In addition, we do not agree with Solis-Morales's claim that the video recording had a tendency to prejudice the jury just because it shows him restrained by handcuffs. First, the State alleges, and Solis-Morales has not shown otherwise, that the video consists of a 38-second recording in which the officer discovers the keys in Solis-Morales's pocket, Solis-Morales appears to have his arms by his side, and there is no indication that Solis-Morales is wearing handcuffs. Even if it were otherwise, the jury had already heard testimony showing that, at the time the officer

---

[7] And given that Solis-Morales was found not guilty of the armed robbery of the keys, the jury may have been persuaded by Solis-Morales's cross-examination of the officer.

claimed to have discovered the keys in Solis-Morales's pocket, Solis-Morales had been arrested, handcuffed, and transported to the Norcross police station. In fact, several witnesses had specifically testified, without objection, that Solis-Morales was secured and placed in handcuffs at the scene of the home invasion.[8] And the jury was instructed that, even though Solis-Morales had been arrested, he was presumed to be innocent unless proven guilty beyond a reasonable doubt. Because the jury already knew that Solis-Morales had been handcuffed by the time of the search, and because the trial court properly charged the jury on the presumption of innocence, we cannot say that Solis-Morales has shown any likelihood that he was prejudiced by the video, much less that the probative value of the video is "substantially" outweighed by the danger of unfair prejudice. See *Hicks v. State*, 256 Ga. 715, 720-721 (13) (352 SE2d 762) (1987).

*Judgment affirmed. Mikell, P. J., and Miller, J., concur.*

---

[8] Even if this testimony did not appear in the record, most jurors would assume, we expect, that the police usually handcuff someone arrested for armed robbery.