S13A0478. COE v. THE STATE.
(748 SE2d 824)

HINES, Justice.

Willie Bernard Coe appeals his convictions and sentences for malice murder, possession of a firearm during the commission of a

felony, and possession of a firearm by a convicted felon, all in connection with the death of Johnny Walter Davis. For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that approximately a year before Davis was killed, Coe stole $2,400 worth of marijuana from Donte Simmons, an associate of Dennis Mingledolph. The day of Davis's death, Mingledolph told Simmons he had just seen Coe in their vicinity; April Girtman drove Mingledolph, Simmons, and a man known as "Block" through the area and located Coe. Before Mingledolph, Simmons, and Block exited the vehicle, Mingledolph handed Simmons a 9mm pistol; the three men then accosted Coe and searched him, taking his cell phone and a pocket-knife, and Mingledolph encouraged Simmons to shoot Coe. However, Coe was permitted to leave and ran away; the four others then drove to Luckey Street and Mingledolph exited the vehicle after Simmons returned his pistol; Girtman, Simmons, and Block then drove away.

Meanwhile, Coe encountered his friend Lewis Harmon driving his vehicle in the company of LaToya Jones; Coe got in Harmon's vehicle and said that he had been robbed and threatened. Harmon drove Coe and Jones to Luckey Street where Harmon intended to purchase marijuana. When Coe, Harmon, and Jones arrived at Luckey Street, Mingledolph exited the other vehicle, carrying the 9mm pistol Simmons had just returned to him. Harmon exited his vehicle and spoke with Mingledolph; he then went inside a house to purchase marijuana while Coe and Jones remained in the car. After some minutes, Coe exited the car to find out what was taking Harmon so long, after having taken Harmon's 10mm pistol from the console of the vehicle; he and Mingledolph exchanged gunfire, and Mingledolph retreated, with Coe pursuing him. Mingledolph escaped, and Coe returned to Harmon's vehicle, picking up a 9mm clip from Mingle-

---

[1] Davis was killed on June 30, 2008. On September 2, 2008, a Richmond County grand jury indicted Coe and Dennis Marcel Mingledolph for malice murder, felony murder while in the commission of aggravated assault, and possession of a firearm during the commission of a felony; in separate counts, each man was also charged with possession of a firearm by a convicted felon. The two men were tried together before a jury August 11-13, 2009, and found guilty of all charges. On August 13, 2009, Coe was sentenced to life in prison for malice murder, five years in prison for possession of a firearm during the commission of a felony, and five years in prison for possession of a firearm by a convicted felon, all to be served consecutively; the guilty verdict for felony murder stood vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4) (434 SE2d 479) (1993). Coe moved for a new trial on August 27, 2009, and filed a pro se "Motion for New Trial/Amended Motion for New Trial, Motion to Dismiss Trial Counsel & Appoint Appellate Counsel, For Defendants Presence at Afore Mentioned Hearings" on April 8, 2010. New counsel for Coe amended the motion for new trial on November 16, 2011; the motion, as amended, was denied on November 18, 2011. On December 19, 2011, Coe filed a notice of appeal; the appeal was docketed in this Court for the January 2013 term and submitted for decision on the briefs.

dolph's pistol; Coe later hid Harmon's pistol and the clip he had picked up at the scene of the crime in the home of a relative of Harmon's.

During the exchange of gunfire, Davis was seated in his pickup truck, parked between the combatants. Law enforcement officers who responded to the shooting found him dead of a single gunshot wound through the head; his truck had been struck by numerous bullets from both Mingledolph's 9mm pistol and the 10mm pistol Coe fired.

1. Coe notes that the ballistics and medical evidence was that it was not possible to determine whether the fatal shot to Davis's head was fired from Coe's pistol or Mingledolph's, and contends that the evidence was thus insufficient to convict him of malice murder because it was not shown that he caused Davis's death. However, there is no merit to his argument. As the State notes, under the doctrine of transferred intent, it is irrelevant whether Coe attempted to shoot Davis or only Mingledolph. See *Hendricks v. State*, 290 Ga. 238, 240 (1) (719 SE2d 466) (2011); *Love v. State*, 268 Ga. 484, 485 (1) (490 SE2d 88) (1997). And, the fact that there was no definitive evidence as to whether Coe or Mingledolph fired the fatal shot does not absolve Coe of malice murder. The jury was properly instructed on the law of parties to a crime, under which, even if the fatal bullet was in fact fired by Mingledolph,

> OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." [O]f course . . . mere presence or approval of a criminal act is not sufficient to render one a party to the crime, and a conviction as a party to a crime requires proof that the defendant shared a common criminal intent with the principal perpetrator of the crime. But criminal intent is a question for the jury, and it may be inferred from that person's conduct before, during, and after the commission of the crime. [Cits.] From the circumstances proven in this case, a rational jury could have inferred that [Coe] shared a common criminal intent with [Mingledolph] to engage in a gunfight in the presence of . . . innocent bystanders . . . . [Cits.] And even though [Davis] evidently was not an intended victim of the gunfight, the evidence was sufficient for a rational trier of fact to find that [Coe] was a party to the crime of [malice murder] under the doctrine of transferred intent. [Cits.] Accordingly, the evidence adduced at trial is legally sufficient to sustain the [malice murder] conviction.

*Jones v. State*, 292 Ga. 656 (1) (a) (740 SE2d 590) (2013) (Footnote omitted). The evidence presented at trial authorized the jury to find Coe guilty beyond a reasonable doubt of all the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. When Davis's widow appeared as a witness at trial, a juror realized that she was acquainted with her, and called the court's attention to that fact. Upon further voir dire of the juror, she testified that she had known the widow during their youth, but had not known her by her married name and thus had not recognized it during prior voir dire. The juror could not recall any contact with the widow since 1979 or 1980, and when asked if she would have sympathy for her, testified that the sympathy she would have for Davis's widow was the same as she would have for any witness who had similarly lost a loved one. The juror testified that she could be fair and impartial despite the prior acquaintance and, over Coe's objection, the court ruled that the juror would remain on the jury.

"A juror's knowledge of, or relationship with, a witness, attorney, or party is a basis for disqualification only if it has created in the juror a fixed opinion of guilt or innocence or a bias for or against the accused. [Cit.]" *Poole v. State*, 291 Ga. 848, 852 (3) (734 SE2d 1) (2012). There was no evidence of such bias or fixed opinion. "Whether to strike a juror for cause lies within the sound discretion of the trial judge [cit.], and the trial court's exercise of that discretion will not be set aside absent a manifest abuse of discretion. [Cit.]" Id. at 851. Under the evidence here, the trial court did not abuse its discretion in failing to excuse the juror for cause.

3. Coe complains of the trial court's failure to sever his trial from that of Mingledolph.

> There is no written motion to sever in the record, but [Mingledolph's] trial counsel argued the issue of severance of [Mingledolph's] trial from [Coe's] at the beginning of the trial. The record does not reflect any adoption of [Mingledolph's] motion by [Coe] or any request by [Coe] to be tried separately. That being so, he may not raise the issue on appeal.

*Pye v. State*, 274 Ga. 839, 842 (6) (561 SE2d 109) (2002). Further, even if Coe had moved to sever his trial from Mingledolph's,

> [i]n a murder case where the death penalty is not sought, the trial court has broad discretion to grant or deny a motion for severance. In exercising that discretion, the trial court must

consider the following factors: (1) Will the number of defendants create confusion as to the law and evidence applicable to each? (2) Is there a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights?

*Butler v. State*, 290 Ga. 412, 413 (2) (721 SE2d 876) (2012) (Citations and punctuation omitted). There were only two defendants at trial, the evidence showed they acted together (even if in conflict), and the law applicable to each was the same. Although Coe asserts that defendants had antagonistic defenses, each asserting that he was defending himself from the other, antagonistic defenses alone are not sufficient to mandate severance; Coe must also demonstrate harm from the failure to sever. *Loren v. State*, 268 Ga. 792, 795 (2) (493 SE2d 175) (1997). And, Coe does not point to any evidence produced against him in this joint trial that would not have been admitted in a separate trial, *Butler*, supra, and thus fails to show specific prejudice from the presentation of his and Mingledolph's defenses at the joint trial. See *Krause v. State*, 286 Ga. 745, 750 (5) (691 SE2d 211) (2010). Accordingly, assuming that Coe moved to sever his trial from Mingledolph's, it was not an abuse of discretion for the trial court to deny Coe's motion. *Butler*, supra.

4. Finally, Coe argues that a mistrial should have been granted when a witness referred to Coe being on parole. Three questions after the witness made the remark, counsel for Coe said: "Objection, Your Honor."[2] Upon the court's query as to the substance of the objection, counsel for Coe asked that the attorneys approach the bench; an unrecorded bench conference was then held, after which questioning of the witness continued, without comment from the court or any attorney.

The next morning, before the jury was brought into the courtroom, the court summarized the proceedings regarding the mention of parole, saying:

Yesterday, Ms. Neumann[3] made an objection about there apparently was some mention [of Coe's parole status]. We

---

[2] The witness, while relating her movements on the day Davis was killed, testified: "We took [Coe] to his mother's house so he could go see his parole officer." This was followed by the question: "And he had to get his EBT card; is that right?" Similar testimony by a prior witness had gone without remark.

[3] Neumann was Coe's trial counsel.

had a sidebar conference about that. I agreed to — I didn't think it was — I thought it was harmless, but I'll be glad to instruct the jury as to that. I think the decision was made it would probably bring more attention to it than instruct the jury in it, to disregard it. And so I wanted to put that on the record. Is that correct, y'all, from what you recall? Is that right, Ms. Neumann?

Neumann responded affirmatively, as did the prosecutor and counsel for Mingledolph. At no point did the court, counsel for Coe, or any other attorney note that a motion for mistrial had been made, or that counsel for Coe raised any objection to the court's decision to give no curative instruction. Accordingly, Coe not only fails to show that a motion for mistrial was made, but also fails to show that he did anything but acquiesce to the decision made after the sidebar conference that no curative instruction be given. See *Stokes v. State*, 281 Ga. 875, 877, n. 3 (644 SE2d 116) (2007). Accordingly, he has waived this issue for the purposes of appeal. In any event, if any motion for mistrial was made during the sidebar conference, the passing reference to Coe's parole did not warrant granting that relief. *Lanier v. State*, 288 Ga. 109, 110-111 (2) (702 SE2d 141) (2010).

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 17, 2013.

*Charles A. Jones, Jr.*, for appellant.
*Ashley Wright, District Attorney, Charles R. Sheppard, Titus T. Nichols, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General*, for appellee.