## S13A1134. COGGINS v. THE STATE.
### (750 SE2d 331)

MELTON, Justice.

Following a jury trial, Corey Blaine Coggins was found guilty of malice murder and felony murder in connection with the stabbing death of Daniel Smith.[1] On appeal Coggins contends, among other things, that the evidence presented at trial was insufficient to support the verdict and that the trial court erred by allowing the State to improperly bolster a witness' credibility with the introduction of a prior consistent statement. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on August 18, 2001, Coggins and two of his friends got into a fight with Smith based on an earlier accusation by one of Coggins' friends, Chris Jarrard, that Smith was a police informant. Following Jarrard's initial accusation that Smith was an informant, Coggins affirmed to Smith repeatedly that he, too, believed that Smith was "snitching" on others. Smith was angered by the accusation, and Coggins took Smith to one of Coggins' friend's houses so that Smith could confront Jarrard about accusing him of being an informant. Smith then confronted and began fighting with one of Coggins' other friends, but eventually Coggins and Jarrard jumped into the fight as well and ganged up on Smith. During the fight, Coggins stabbed Smith twice in the chest, killing him.

The morning after the stabbing, Coggins admitted to a friend that he had been involved in killing someone. A few days later, Coggins admitted to another friend that he had recently stabbed and killed someone. He also admitted to two inmates while he was in the

---

[1] On June 22, 2005, Coggins was indicted for malice murder and felony murder (predicated on aggravated assault). Following a March 20-23, 2006 jury trial, Coggins was found guilty on both charges. On March 23, 2006, the trial court sentenced Coggins to life imprisonment for malice murder. The felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Coggins filed a timely motion for new trial, which was denied on January 31, 2012. The trial court granted Coggins' petition for leave to file an out-of-time appeal on March 30, 2012, and Coggins filed a notice of appeal on that same day. After paying costs in this Court on April 16, 2013, Coggins' appeal was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

Columbia County Detention Center that he had stabbed and killed Smith.

The evidence was sufficient to enable a rational trier of fact to find Coggins guilty of murder and felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Coggins claims that, following the cross-examination of Chris Jarrard, the trial court erred in allowing the State to publish a recording of Jarrard's March 18, 2005 interview with police in which he stated that Coggins was the last person to fight with Smith before Smith died. Coggins contends that this interview was a prior consistent statement that was improperly admitted as a means of bolstering Jarrard's testimony. However, pretermitting the question whether the trial court improperly admitted this statement, we find no harm from its admission in light of the overwhelming evidence of Coggins' guilt. See, e.g., *Johnson v. State*, 289 Ga. 498 (713 SE2d 376) (2011). Indeed, several witnesses to the fight with Smith were able to identify Coggins as one of the attackers, and even Coggins himself admitted to others that he had stabbed and killed Smith.

3. Coggins contends that the trial court erred by allowing two incriminating letters written by the inmates to whom Coggins confessed to go out with the jury during their deliberations. However, the record reveals that Coggins never objected to these letters going out with the jury. He has therefore waived his right to complain of this issue on appeal. *Stidem v. State*, 246 Ga. 637 (3) (272 SE2d 338) (1980).

4. Coggins urges that the trial court must have confused the jury by giving the following murder charge after charging the jury on voluntary manslaughter and mutual combat: "If you find that the killing was done with malice, express or implied, and with felonious intent to take the life of the person killed, and the killing was accomplished as a result of mutual combat, such killing would be murder." Coggins argues that this charge, along with a re-charge to the jury on malice murder and felony murder at the jury's request, confused the jury into believing that it was only to consider malice murder and felony murder without giving full consideration to voluntary manslaughter. Coggins is incorrect.

This Court has previously determined that the pattern jury instruction given in this case on murder accomplished through mutual combat is proper. See *Dolphy v. State*, 288 Ga. 705 (3) (707 SE2d 56) (2011). Furthermore, reading the charge as a whole, as we must, the trial court properly charged the jury on the elements of murder, felony murder, voluntary manslaughter, and the circumstances under which a killing accomplished through mutual combat

would amount to voluntary manslaughter or malice murder. See id. The jury was properly charged, and nothing in the trial court's re-charge on malice murder and felony murder at the jury's request, which also contained correct statements of the law, would have created any confusion here. See, e.g., *Mister v. State*, 286 Ga. 303 (6) (687 SE2d 471) (2009). This enumeration is without merit.

5. Finally, Coggins asserts that the trial court erred in admitting the "perjured" testimony of the two inmates who claimed that Coggins confessed to them that he had killed Smith. However, Coggins cannot show any error in the trial court's conclusion that his claim regarding the use of alleged perjured testimony is without merit. As an initial matter, because neither inmate who testified at trial has actually been convicted of perjury, Coggins has not shown that his guilty verdict should have been set aside pursuant to OCGA § 17-1-4. See *Nations v. State*, 290 Ga. 39, 41 (2) (717 SE2d 634) (2011) ("OCGA § 17-1-4 mandates the setting aside of a verdict or judgment obtained or entered as a result of perjury 'when the judgment could not have been obtained without the perjured evidence *and the perjurer has been duly convicted thereof* ' ") (citation and footnote omitted; emphasis supplied).

Moreover, Coggins has made no showing that any perjury actually occurred at trial. Specifically, in support of his claim that the prosecution knowingly elicited perjured testimony at trial, Coggins only presented (1) the testimony of a third inmate at the motion for new trial hearing who claimed that the two inmates who testified at trial were lying, and (2) his own theory that the inmates who testified at trial must have been conspiring together to provide false testimony. As these matters of credibility and theoretical possibilities were for the trial court to resolve based on the evidence presented at the motion for new trial hearing, and because evidence supports the trial court's findings, "we agree with the trial court's legal conclusion[ ] . . . that [Coggins] . . . did not establish that the State knowingly used perjured testimony." *Peralta v. State*, 276 Ga. 218, 219-220 (2) (576 SE2d 853) (2003). Accordingly, the trial court properly denied Coggins' motion for new trial. Id. at 220 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 2013.

*Peter D. Johnson*, for appellant.
*Ashley Wright, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys, Samuel S. Olens, Attorney*

*General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General,* for appellee.