## S13A1192. BESTER v. THE STATE.

(751 SE2d 360)

HUNSTEIN, Justice.

Appellant Rashad Bester appeals his convictions for malice murder and other crimes relating to the strangulation death of Shawna Webber.[1] On appeal, Bester claims that the trial court erred in denying his claim that his trial counsel provided ineffective assistance and his claim that the prosecutor violated his equal protection rights by the use of a peremptory strike in selecting the jury. We affirm Bester's convictions for malice murder and sodomy, but vacate his conviction and sentence for aggravated assault, because the conviction for that offense merged with his malice murder conviction.

1. Viewed in the light most favorable to the verdict, the evidence presented at trial showed that about 12:15 a.m. on October 26, 2008, Bester enlisted the help of a friend, Maurice Sims, to look for Bester's cell phone along the side of McCranie Street in Atkinson County.

---

[1] The crimes occurred on October 25, 2008. On April 6, 2009, Bester was indicted by an Atkinson County grand jury for malice murder, felony murder, aggravated assault, and sodomy. The trial began on November 9, 2009, and on November 12, 2009, the jury found Bester guilty on all counts. That same day, the trial court sentenced Bester to life in prison without parole for malice murder and to 20 concurrent years for both aggravated assault and sodomy. The felony murder verdict was vacated by operation of law. Bester's trial counsel filed a motion for new trial on November 20, 2009. On March 14, 2012, Bester, assisted by new counsel, amended his motion for new trial. On October 1, 2012, the trial court denied Bester's motion for new trial. Bester filed a timely notice of appeal to the Court of Appeals, which properly transferred the case to this Court. The case was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

Bester told Sims that he had dropped the phone there earlier that night when he had stopped to go to the bathroom. In looking for Bester's phone, Sims saw legs under some bushes and told Bester. Bester did not act surprised, and when Sims said they needed to report it to authorities, Bester said that they should not because his cell phone, which they did not find, was near there. Sims reported the body the next morning. That day, the police discovered the victim's body in a ditch along the side of McCranie Street. Bester's cell phone and glasses were found about 12 feet from the victim's body; sperm found in the victim's rectum was matched to Bester through DNA testing; and tire tracks and shoe prints found at the crime scene matched the tread on Bester's car and shoes found in it. In sum, the evidence was sufficient to authorize a rational jury to find beyond a reasonable doubt that Bester was guilty of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). However, the malice murder and aggravated assault counts of the indictment were predicated on Bester strangling the victim, and because there is no evidence that the victim suffered a non-fatal injury followed by a deliberate interval before the fatal strangulation, the conviction and sentence for aggravated assault must be vacated. See *Alvelo v. State*, 290 Ga. 609 (2) (724 SE2d 377) (2012).

2. Bester asserts that he received ineffective assistance of trial counsel. To prevail on this claim, he must show that his counsel's performance was professionally deficient and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to him. See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984). "This burden, although not impossible to carry, is a heavy one." *Young v. State*, 292 Ga. 443, 445 (3) (738 SE2d 575) (2013). If an appellant fails "to satisfy either the 'deficient performance' or the 'prejudice' prong of the *Strickland* test, this Court is not required to examine the other." *Sifuentes v. State*, 293 Ga. 441, 445 (4) (746 SE2d 127) (2013).

(a) Bester contends that trial counsel was ineffective in failing to challenge four prospective jurors for cause on the ground that they knew one of the potential witnesses for the State. We disagree.

" 'A juror's knowledge of, or relationship with, a witness, attorney, or party is a basis for disqualification only if it has created in the juror a fixed opinion of guilt or innocence or a bias for or against the accused.' " *Coe v. State*, 293 Ga. 233, 236 (2) (748 SE2d 824) (2013) (citation omitted). After the four prospective jurors indicated that they knew the witness in question, the prosecutor asked them whether they "would have a problem putting that friendship or knowledge of him aside and base your verdict on what comes out

[in the courtroom], anybody have a problem." No prospective juror answered that they would have such a problem, and there is no evidence in the record that any of the four prospective jurors held a fixed and definite opinion of Bester's guilt based on their friendship with that one witness (who did not testify at trial). Accordingly, if trial counsel had moved the trial court to excuse any of these jurors for cause, the trial court would have acted well within its discretion in denying that motion. See id. (" 'Whether to strike a juror for cause lies within the sound discretion of the trial judge.' "). "The failure of [Bester's] trial counsel to make a motion that the court was authorized to deny does not establish ineffective assistance by that counsel." *Billings v. State*, 293 Ga. 99, 107 (7) (745 SE2d 583) (2013).

(b) Bester contends that trial counsel was ineffective in failing to move to strike one prospective juror for cause who said that one of his best friends had adopted one of the victim's children and a second prospective juror who said that his brother-in-law had adopted two of her children. However, when trial counsel asked these two jurors whether the adoptions would affect their ability to be a fair juror, they both said that it would not. In light of these responses and the lack of any other evidence in the record that these two jurors held a fixed and definite opinion of Bester's guilt, the trial court would have acted well within its discretion in denying a motion to strike those two prospective jurors for cause. See *Coe*, 293 Ga. at 236. Accordingly, trial counsel did not perform deficiently by failing to make such a motion. See *Billings*, 293 Ga. at 107.

(c) Bester contends that trial counsel was ineffective in failing to file a motion in limine to preclude the State from introducing evidence as a similar transaction that he raped a former girlfriend at a hotel in February 2008. At trial, although the victim acknowledged that she spoke with a police officer at the hotel in February 2008 and that she was upset, she denied that Bester had raped her. The responding police officer, however, testified that the victim had patches of hair missing from her head, that she was bloody and very upset, that the victim told her that she and Bester were having sex and Bester started getting rough, and that she told him "no" several times, but he would not stop.

Bester now contends that trial counsel was ineffective in failing to file a motion in limine to preclude evidence of the alleged rape on the ground that the victim denied that Bester raped her. Trial counsel, however, did not provide deficient performance by failing to file a motion in limine. The State had the burden to prove the admissibility of the similar transaction at a hearing held for that purpose. See Uniform Superior Court Rule 31.3 (B); *Johnson v. State*, 292 Ga. 22 (2) (733 SE2d 736) (2012). Here, the trial court held a

similar transaction hearing at which trial counsel argued that evidence of the incident should not be admitted because the victim denied that she had been raped. Thus, trial counsel in fact raised the argument that Bester now says that he should have raised, and trial counsel did not perform deficiently by failing to file a redundant motion in limine to assert the same ground he had already raised at the similar transaction hearing.

Moreover, " '[t]he decision to admit similar transaction evidence . . . is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.' " *Matthews v. State*, 294 Ga. 50, 52 (3) (a) (751 SE2d 78) (2013). The victim's denial that the rape occurred goes to the weight of this evidence, not its admissibility. See *Lewis v. State*, 275 Ga. App. 41 (2) (c) (619 SE2d 699) (2005). And the victim's prior inconsistent statements to the police officer who responded to the hotel were admissible as substantive evidence. See *Bryant v. State*, 288 Ga. 876 (8) (b) (708 SE2d 362) (2011). Thus, even if Bester's trial counsel had filed a motion in limine to challenge the admissibility of the alleged rape, the trial court would have acted within its discretion in denying the motion, and trial counsel did not perform deficiently by failing to make such a motion. See *Billings*, 293 Ga. at 107.

(d) Bester next contends that trial counsel was ineffective in failing to request any jury charges. However, in his motion for new trial and at the hearing on the motion for new trial, Bester failed to point to any deficiency in the trial court's charge or to any charge that trial counsel should have requested that was not covered by the trial court's jury charge. Bester's merits brief suffers from the same shortcoming. Bester therefore has offered nothing " 'more than mere speculation that, absent the counsel's alleged error[ ], a different result probably would have occurred at trial.' " *Baker v. State*, 293 Ga. 811, 815 (3) (750 SE2d 137) (2013) (citation omitted). Accord *Valentine v. State*, 293 Ga. 533 (3) (748 SE2d 437) (2013).

3. In his final enumeration of error, Bester contends that the trial court erred in denying his claim that the prosecutor violated his equal protection rights by using one of her peremptory challenges to exclude a juror solely because of his race.[2] See *Batson v. Kentucky*, 476 U. S. 79 (106 SCt 1712, 90 LE2d 69) (1986). We disagree.

*Batson* provides a three-step process for adjudicating a claim

---

[2] Although Bester's enumeration of error alleges that trial counsel was ineffective in failing to assert a *Batson* claim, the record shows that trial counsel did assert such a claim, and Bester's brief addresses the merits of his *Batson* claim without arguing it in the context of an ineffective assistance of counsel claim.

that a peremptory challenge was based on race:

> (1) the opponent of a peremptory challenge must make a prima facie showing of racial discrimination; (2) the proponent of the strike must then provide a race-neutral explanation for the strike; and (3) the court must decide whether the opponent of the strike has proven discriminatory intent.

*Stacey v. State*, 292 Ga. 838, 841 (3) (741 SE2d 881) (2013) (citation omitted). "A trial court's finding as to whether the opponent of a strike has proven discriminatory intent is entitled to great deference and will not be disturbed unless clearly erroneous." *Blackshear v. State*, 285 Ga. 619, 620 (3) (680 SE2d 850) (2009).

The prosecutor used six of her nine peremptory strikes against African-Americans.[3] She said that she struck one of the jurors because he was a bondsman on a large drug case in Atkinson County.[4] Bester contended that this reason was not race neutral and that the strike was racially motivated. The trial court disagreed, ruling that the prosecutor's reason for the strike was race neutral and that she did not act with discriminatory intent. Bester now focuses on step three of the *Batson* process, arguing that the prosecutor's strike of that juror was racially motivated.

We conclude that the trial court did not clearly err in finding that Bester failed to carry his burden to show purposeful discrimination. First, the prosecutor's stated reason for striking the juror is not one that would lead to the disproportionate exclusion of African-Americans. See *Hernandez v. New York*, 500 U. S. 352, 363 (111 SCt 1859, 114 LE2d 395) (1991) (plurality opinion) (explaining that if "a prosecutor articulates a basis for a peremptory challenge that results in the disproportionate exclusion of members of a certain race, the trial judge may consider that fact as evidence that the prosecutor's stated reason constitutes a pretext for racial discrimination"). The reason also did not apply to similarly situated nonblacks who were permitted to serve. See *Miller-El v. Dretke*, 545 U. S. 231, 241 (125 SCt 2317, 162 LE2d 196) (2005) (explaining that if "a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at *Batson*'s third step"). Moreover, the prosecutor's concern that a

---

[3] At trial, the State did not argue that Bester failed to make out a prima facie showing of racial discrimination, and it does not argue this point on appeal.

[4] Although the prosecutor also said that the prospective juror knew at least three of the possible witnesses, she said that the reason he was struck was that "he's a bondsman on a big drug case here in the county."

bondsman who works closely with defendants might harbor a bias in a defendant's favor or against the State is not an "implausible or fantastic justification[ ]," which could be found to be a "pretext[ ] for purposeful discrimination." *Toomer v. State*, 292 Ga. 49, 55 (2) (b) (734 SE2d 333) (2012) (citations and punctuation omitted). Considering these factors and the great deference we must accord the trial court's finding on discriminatory intent, we conclude that Bester has failed to show that the trial court erred in rejecting his *Batson* claim.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED NOVEMBER 18, 2013.

*Copeland & Haugabrook, Roy W. Copeland*, for appellant.
*Richard L. Perryman III, District Attorney, Robert A. Rogers, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General*, for appellee.